UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN HAMILTON,<br><br>    Plaintiff,<br><br>v.<br><br>LAS VEGAS METRO POLICE DEPARTMENT, ALLIED UNIVERSAL, AMERICAN MEDICAL RESPONSE, BRETT HANSEN, AARON LOVINGER, ANGELICA LATIFECI, SARAH ABIOG, and SUNRISE HOSPITAL AND MEDICAL CENTER, Does I-V.<br><br>    Defendants. | Case No. 2:21-cv-01746-JAD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: ECF No. 5 (Amended Complaint) |

      Pending before the Court is Plaintiff's Amended Complaint. ECF No 5. The Amended Complaint follows the Order adopting my Report and Recommendation to dismiss *with prejudice* Plaintiff's (1) Second Cause of Action for Respondeat Superior, (2) claims for money damages against Defendants Doe I, Doe II, and the Las Vegas Metropolitan Police Department ("LVMPD") in their official capacities, and (3) Negligent Hire and Negligent Supervision and Training claim against the Las Vegas Metropolitan Police Department. The Order also dismissed *without prejudice* Plaintiff's (1) False Imprisonment-Fourth Amendment Claim against all Defendants, (2) Third and Fourth Causes of Action alleging Negligent Hire, Training, and Supervision against Allied Universal Security ("Allied"), American Medical Response ("AMR"), and Sunrise Hospital ("Sunrise"), and (3) Intentional Infliction of Emotional Distress Claim against all Defendants. Plaintiff does not replead his negligence claim. Otherwise, the factual allegations in Plaintiff's Amended Complaint are largely duplicative (albeit pared down) of those alleged in his original complaint. I therefore incorporate the summary of facts that appears in the Report and Recommendation dated November 23, 2021 (ECF No. 3) and discuss the facts only when necessary.

1

I.      **Screening The Amended Complaint**.

In screening a complaint, a court must identify cognizable claims and dismiss all claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and courts apply the same standard under § 1915(e)(2) when reviewing the adequacy of Plaintiff's Amended Complaint. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Under Federal Rule of Civil Procedure 8(a), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." To survive § 1915(e)(2) review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Nonetheless, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). I liberally construe pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Finally, all or part of a complaint filed by a person proceeding under § 1915 may be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

II.     **Plaintiff's Amended Complaint Asserts Claims Previously Dismissed With Prejudice**.

Plaintiff's Amended Complaint repleads respondeat superior as his second claim for relief. ECF No. 5 at 13. This claim was dismissed with prejudice because respondent superior is a theory

of liability, not a cause of action. *Mischke v. Goal Trucking, LDS*, Case No. 2:14-cv-1099 JCM (VCF), 2014 WL 5307950, at **2-3 (D. Nev. Oct. 16, 2014); *Fernandez v. Penske Truck Leasing Co., L.P.*, Case No. 2:12-cv-295 JCM (GWF), 2012 WL 1832571, at *1 n.1 (D. Nev. May 18, 2012). Plaintiff's Second Cause of Action again fails as a matter of law.

Plaintiff's Amended Complaint names thirteen defendants including five Doe Defendants comprised of two LVMPD Officers identified as Does I and II, two Allied security guards identified as Does III and IV, and one EMT employed by AMR identified as Doe V. Plaintiff also identifies AMR, Allied, Sunrise, Brett Hansen ("Hansen"), Aaron Lovinger ("Lovinger"), Angelica Latifeci ("Latifeci"), and Sarah Abiog ("Abiog") as Defendants. On the face of Plaintiff's Amended Complaint, Plaintiff sues all Defendants in their "official capacit[ies]." ECF No. 5 at 1. However, Plaintiff's claims for relief only seek money damages. *Id.* at 17. Plaintiff's official capacity claims seeking money damages were dismissed with prejudice. ECF No. 4 at 2. Plaintiff's official capacity claims against all Defendants fail as a matter of law. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

### III. Plaintiff's Fourth Amendment Violation Alleged Against LVMPD Continues To Fail To State A Claim.

As explained in the original screening order, to state a Fourth Amendment claim under § 1983 against the LVMPD Plaintiff must allege one of three theories of liability. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Id.* (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J. concurring)). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

3

The factual allegations in Plaintiff's Amended Complaint asserted against LVMPD are based solely on vicarious liability. Plaintiff states no facts that could reasonably be interpreted as supporting a Fourth Amendment claim under § 1983. Plaintiff cannot proceed against LVMPD based on respondeat superior. Further, given the detailed rendition of facts provided by Plaintiff, the Court finds Plaintiff, who has had two opportunities to do so, cannot allege facts that would state a Fourth Amendment claim against the LVMPD under the standard established in *Monell*. The events described—now twice—evidence that the officers involved followed Nevada law when carrying out their duties. For this reason, I recommend dismissing Plaintiff's claim against LVMPD for violation of his Fourth Amendment Rights with prejudice.

**IV.   Plaintiff's Fourth Amendment Claim Against AMR, Allied, And Sunrise Fail Because There Are No Facts Alleging A *Monell* Violation Against These Entities**.

To plead a Section 1983 claim against a private entity or individual, a plaintiff must allege that the defendant acted under color of state law when depriving the plaintiff of rights secured by the U.S. Constitution or federal statutes. 42 U.S.C. § 1983; *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1313-14 (9th Cir. 1989). A plaintiff may attribute a private actor's conduct to the State under one of three theories: the "state compulsion" test, also known as the "government nexus" test; the "joint action" test; or the "public functions" test. *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812, 816 (9th Cir. 2010); *see also Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (state compulsion); *Rendell–Baker v. Kohn*, 457 U.S. 830, 842 (1982) (public functions). Here, Plaintiff again fails to allege facts sufficient to state a claim against the private entity Defendants under color of state law.

Moreover, the principles of *Monell*, discussed immediately above are applied when courts determine whether a private business entity may be liable for alleged violation of another's civil rights under the color of state law based on acts taken by employees. Private corporations are not liable for alleged § 1983 torts committed by its employees predicated on a theory of respondeat superior. Under *Monell*, a private corporation will be liable under § 1983 only when an official policy or custom of the corporation causes the deprivation of constitutional rights. *See e .g.*, *Nash v. Lewis*, Case No. 04-6291-PA, 2007 WL 2027283, at *1 (D. Ore. July 6, 2007) (collecting cases

from the Fourth, Seventh, Eighth, and Tenth Circuits); *see also Smith v. N. Las Vegas Police Dep't*, 2007 WL 496818, at *3 n.3 (D. Nev. Feb. 12, 2007).

In his Amended Complaint, Plaintiff continues to plead no official or unofficial policy or custom of AMR, Allied or Sunrise resulting in a violation of his constitutional rights.[1] Instead, the allegations against these entities are solely premised on vicarious liability for acts allegedly committed by their employees. This leads me to recommend Plaintiff's Fourth Amendment claim against AMR, Allied and Sunrise be dismissed with prejudice.

### V. Plaintiff's Assertion Of Fourth Amendment Violations Against Each Non-Law Enforcement Individual Defendant Fails To State A Claim.

With respect to Abiog, Latifeci, Hansen, and Lovinger, Plaintiff fails to plead facts establishing that any of these individual Defendants acted under color of state law. As was true when I screened Plaintiff's original complaint, Plaintiff's Amended Complaint does not contain sufficient facts to demonstrate that any of these individuals acted jointly with the State. The conduct described does not demonstrate a sufficient nexus between their alleged conduct and government regulation to state a claim. There are no facts alleged suggesting, let alone demonstrating, that these individuals were pervasively entwined with a public institution.

Defendants Abiog, Latifeci, Hansen, and Lovinger are all alleged to be medical professionals working at Sunrise on the night Plaintiff was transported to the hospital following Plaintiff's alleged threats to kill various individuals (including the responding police officers). Hansen and Lovinger are alleged only to have prescribed medication. Abiog and Latifeci are alleged to not have communicated with Plaintiff as he would have liked and carried out medical instructions given to them by Hansen and Lovinger. These repeat averments demonstrate Plaintiff cannot allege sufficient facts to establish a facially plausible claim that Abiog, Latifeci, Hansen, and Lovinger acted under color of state law in a manner that deprived Plaintiff of rights secured by the U.S. Constitution.

---

[1] Plaintiff attaches a document to his Amended Complaint (Exhibit B) that is referenced in support of an allegation that an AMR ambulance driver assaulted him. ECF Nos. 5 at 4 and 5-1 at 3. This document appears to be a case report from Metro regarding a May 2017 event. ECF No. 5-1. Plaintiff alleges the events at issue occurred on or about November 26, 2020. ECF No. 5 at 3. Even assuming Plaintiff is referring to an event three years prior to the operative events, this is insufficient to establish the required nexus to state a § 1983 claim against AMR.

5

Defendant Does III and IV are alleged to have been present at Sunrise and assisted with the administration of medication to Plaintiff. Plaintiff does not include at whose direction or under what authority these individuals acted. Nor does Plaintiff include any facts suggesting a nexus between their conduct and the State. These individuals are alleged to be employed by Allied, a private corporation that is not alleged to have a contract with the State.

Defendant Doe V is an EMT who was apparently in the ambulance with Plaintiff when he was transported to Sunrise. Doe V is alleged to have obtained Plaintiff's Social Security number from Doe II (a police officer) and to have strapped Plaintiff to a gurney inside the ambulance. Plaintiff does not allege that when Doe V took these actions he was acting jointly with the State. Plaintiff also does not allege that any of Doe V's acts were taken based on government regulation or that Doe V was otherwise acting as an extension of the State.

Plaintiff had two opportunities to assert allegations that may have sufficiently stated that the private, non-law enforcement Defendants were acting under color of state law. Despite Plaintiff's detailed allegations and my prior instructions, Plaintiff did not cure the deficiencies explained. For this reason, I recommend Plaintiff's Fourth Amendment claims against the non-law enforcement individual Defendants be dismissed without prejudice, but also without leave to amend.

### VI. Plaintiff's False Imprisonment-Fourth Amendment Claim Against LVMPD Doe Officers I And II In Their Individual Capacities Also Fails.

Plaintiff's amended false imprisonment allegations fail to state a constitutional violation against Doe Officers I and II in their individual capacities. That is, even construing Plaintiff's Amended Complaint seeking relief in the form of money damages only, as asserting individual capacity claims against these Defendants based on unreasonable seizure in violation of the Fourth Amendment the claim fails. Nevada law permits the emergency detention of an individual under the factual circumstances alleged in Plaintiff's Amended Complaint. Plaintiff's conduct fits within the definition found in NRS 433A.0195.[2] NRS 433A.150 allows the detention for evaluation, observation, and treatment of "a person alleged to be a person in a mental health crisis … in a public

---

[2] This statute defines a person "deemed to present substantial likelihood of serious harm to himself or others" as someone who, "without care of treatment … is at serious risk of … attempting suicide or homicide … [or] causing bodily injury to himself … or others …."

6

or private mental health facility or hospital under an emergency admission." NRS 433A.160 allows a person to be taken into custody and transported, without a warrant, by a local law enforcement agency, such as Metro, "to a public or private mental health facility or hospital" if the "person [is] in a mental health crisis."

In this case, the LVMPD reported Plaintiff was knocking on doors threatening to kill residents of an apartment complex as well as the Metro officers who responded to the call. ECF No. 5 at 7. These reports are included in documents Plaintiff received from Sunrise. *Id.* Further, even if the reports of Plaintiff's threats to kill were ultimately mistaken, these reports to Doe Officers I and II, at the time Plaintiff was placed in an ambulance and transported to Sunrise, support the conclusion that Doe Officers I and II did not need a warrant, but had a reasonable and objective basis to believe there was probable cause that Plaintiff posed a threat to his own safety and to the safety of others.[3]

Plaintiff's allegations in his Amended Complaint continue to be insufficient to state a Fourth Amendment claim against LVMPD Doe Officers I and II for unlawful seizure under the Fourth Amendment. Plaintiff repeats his allegations despite the prior Order finding they were insufficient to state a claim. For these reasons, I recommend dismissing Plaintiff's claims against Doe Officers I and II without prejudice and without leave to amend.

**VII.   Plaintiff Fails To State A Miranda Violation**.

Plaintiff alleges the Doe Officers did not Mirandize him. ECF No. 5 at 8. This would be a Fifth Amendment, not Fourth Amendment, violation. The purpose of a *Miranda* warning is "[t]o safeguard the uncounseled individual's Fifth Amendment privilege against self-incrimination," during an interrogation of a suspect "while in police custody." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).[4] Here, however, Plaintiff pleads no facts suggesting either Doe Officer asked him any

---

[3]   *Rodriguez v. City of San Jose*, 930 F.3d 1123, 1140 (9th Cir. 2019); *Larry v. Helzer*, Case No. 05-cv-229-BR, 2006 WL 1455615, at **6-7 (D. Org. May 17, 2006) (finding compelling the Tenth Circuit's reasoning that "[t]o determine the scope of probable cause required, the court considered the rationale underlying state authority to seize a person in the civil context") (internal citation omitted).

[4]   *See also Rhode Island v. Innis*, 446 U.S. 291, 300–01 (1980) ("We conclude that the *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.") (Internal citations omitted.)

7

questions at any time or, for that matter, had access to him once he was placed in the ambulance. Plaintiff does not contend he made an involuntary statement to law enforcement or incriminated himself in some way. There are no facts alleged that would prompt a *Miranda* warning. Absent any factual allegation that Plaintiff was asked any questions by law enforcement, let alone interrogated, I find Plaintiff fails to state a violation of his *Miranda* rights protected by the U.S. Constitution.

### VIII. Plaintiff's Intentional Infliction Of Emotional Distress Claim Should Be Dismissed Without Prejudice As No Federal Claim Survives This Screening.

The elements of a cause of action for infliction of emotional distress ("IIED") in Nevada include: "'(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation.'" *Posadas v. City of Reno*, 851 P.2d 438, 444 (Nev. 1993) (quoting *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981)). Allegations sufficient to state a claim of extreme and outrageous conduct are those that describe "conduct that is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent–A–Car*, 953 P.2d 24, 26 (1998) (internal quotation marks and citation omitted). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Id.* (internal quotation marks and citation omitted).

With respect to LVMPD Officers Doe I and II, Doe V, Hansen, and Lovinger, Plaintiff fails to state an IIED claim. Does I and II are alleged to have seized Plaintiff in a manner that violated his Fourth Amendment Rights. Doe I and II are also alleged to have refused to provide Plaintiff their names and badge numbers. Doe II is alleged to have called an ambulance and obtained Plaintiff's Social Security number from his wallet without his permission. Both Officers are alleged to have tried to strap Plaintiff to a gurney. There are no allegations regarding the Officers' conduct once Plaintiff was being transported to and arrived at Sunrise.

As I state above, Plaintiff does not plead a Fourth Amendment violation. The Officers are alleged to have acted in a manner that is consistent with Nevada law regarding individuals in a mental health crisis. The alleged failure to provide names and badge numbers, calling an ambulance,

8

and obtaining Plaintiff's Social Security number also do not rise to the level of extreme and outrageous conduct.

With respect to individual defendants Hansen and Lovinger, doctors in the Sunrise emergency department, Plaintiff's only allegation is that they prescribed medication for Plaintiff. *Id*. at 7. This allegation is insufficient to establish extreme and outrageous conduct. NRS 433A.150.

Defendants Abiog and Latifeci, Sunrise employees, are alleged to have administered medication (including injections) against Plaintiff's will. Doe V, an EMT, is alleged to have poked Plaintiff's finger while he was being transported to Sunrise. Does III and IV are allegedly Allied security guards who supposedly physically restrained Plaintiff despite his contention that there was no need to do so. These allegations are potentially sufficient to state common law claims of battery that, at least potentially, could support an IIED claim. *Washington v. Glucksberg*, 521 U.S. 702, 724 (1997) ("We began with the observation that at common law, even the touching of one person by another without consent and without legal justification was a battery.") (Internal citation omitted). A medical professional's expertise is not necessarily a license to administer medical procedures against a person's will. Nonetheless, there are circumstances in which forcing medicine on an individual could eliminate this claim. NRS 433.150 (specifically allowing for "treatment" of an individual "in a public or private mental health facility or hospital under an emergency admission").

Whether the administration of unwanted medication and the process for administering that medication was lawful under Nevada's statutory scheme thereby precluding a claim of battery, which could, in turn could preclude an IIED claim, has not been examined by Nevada law. However, I decline to decide this issue because I recommend dismissal of all of Plaintiff's claims arising from the Fourth Amendment to the U.S. Constitution leaving one potential claim under Nevada common law for emotional distress. I recommend the Court decline to exercise supplemental jurisdiction over this claim.[5]

---

[5] 28 U.S.C. § 1367(c)(3).

9

**IX.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Second Cause of Action alleging respondeat superior against AMR, Allied, Sunrise and LVMPD, and claims seeking an award of money damages against all Defendants acting in their official capacities be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Fifth Amendment claim asserting a *Miranda* violation against LVMPD and Doe Officers I and II be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's False Imprisonment-Fourth Amendment Claim against LVMPD, AMR, Allied, and Sunrise be dismissed with prejudice because Plaintiff continues to premise these claims solely on respondeat superior.

IT IS FURTHER RECOMMENDED that Plaintiff's Fourth Amendment claim against Doe Officers I and II, Allied security guards Does III and IV, EMT Doe V, Abiog, Latifeci, Hansen, and Lovinger in their individual capacities be dismissed without prejudice, but without leave to amend because Plaintiff continues to allege insufficient facts to establish these defendants acted under color of state law.

IT IS FURTHER RECOMMENDED that Plaintiff's Intentional Infliction of Emotional Distress claim against Defendants LVMPD Officers Does I and II, and Drs. Hansen and Lovinger be dismissed without prejudice and without leave to amend because Plaintiff again fails to allege extreme and outrageous conduct outside the bounds of decency.

IT IS FURTHER RECOMMENDED that Plaintiff's Intentional Infliction of Emotional Distress claim against Defendants Abiog, Latifeci, and Doe V be dismissed without prejudice, but with leave to amend to allow Plaintiff to assert this common law claim in state court.

IT IS FURTHER RECOMMENDED that because the dismissals would leave no federal claim open, the Clerk of Court be directed to close this case and enter judgment accordingly.

Dated this 30th day of March, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE


**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the district court's order and/or appeal factual issues from the order of the district court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).